R.I. Bankr. Form 3015-1.1
(Rev. 5/10/2016)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

IN RE: DIANE ST. AMOUR            CHAPTER 13
       Debtor                                    CASE NO. 17-10560

**CHAPTER 13 PLAN AND APPLICABLE MOTIONS DESIGNATED BELOW:**

☐ MOTION TO AVOID LIEN(S)
☐ MOTION TO MODIFY SECURED CLAIM(S)
☐ MOTION TO ASSUME/REJECT LEASE(S)

**If you oppose any provision of this plan and/or any motions contained within,** you **MUST FILE A TIMELY WRITTEN OBJECTION.** This plan and any motions contained within may be confirmed and become binding on you without further notice or hearing unless a written objection is filed no later than seven (7) days before the hearing date on confirmation, which is scheduled for **June 14, 2017 at 10:00 a.m.**

Your objection to confirmation must include the specific reasons for your objection, and must be filed with the Court no later than seven (7) days before the hearing date on confirmation. *See* LBR 3015- 3(b)(1). If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadline stated above. You must also serve a copy of your objection to confirmation on the debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee at their addresses as they are listed in the notice of the meeting of creditors.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the debtor(s), including any motions contained in the plan, and may enter an order confirming the plan and granting the motions. Any creditor's failure to timely object to confirmation of the proposed plan or any of the above checked motions shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. Section 1325(a)(5)(A).

**PLAN PROVISIONS**

**DISCHARGE: (Check one)**

☒ The debtor will seek a discharge of debts pursuant to Section 1328(a).

☐ The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS: (Check if applicable)**

☐ This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the District of Rhode Island. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

## I. PLAN PAYMENTS

  A. Payments by the debtor of $300.00 per month for 60 months. Pursuant to 11 U.S.C. § 1326(a)(1), unless the Court orders otherwise, the debtor shall commence making payments not later than 30 (thirty) days after the date of the filing of the plan or the order for relief, whichever is earlier.

  B. In addition to the above specified plan payments, other lump sum payments from any source (describe specifically) shall be paid to the trustee as follows:

  C. **For amended plans**:

   (1) The plan payments by the debtor shall consist of the total amount previously paid ($ ) added to the new monthly payment in the amount of $xx.xx for the remaining xx months of the plan for a total base amount, as amended, of $xx.xx, plus other payments and property stated in Paragraph B above.

   (2) The payment amount shall change effective.

  D. Payments to the trustee shall be sent to the following address:
   Office of the Standing Chapter 13 Trustee
   P.O. Box 2561
   Providence, Rhode Island 02906

## II. ADMINISTRATIVE COSTS

  A. Attorney's Fees. The attorney for the debtor(s) has received $3500.00 of the total initial attorney fee of $3500.00. The remainder of the initial fee shall be paid through the plan. The attorney for the debtor(s) requests additional payment in the amount of $ -0- for representing the debtor in the Court's loss mitigation program, or a loss mitigation program outside of the Court. This fee will be paid through the plan.

  Debtor's attorney is also seeking payment of $75.00 for miscellaneous postage and copying which will be incurred during this case.

  Therefore, the total attorney fee to be received in this case will be $ 75.00 .

  B. Trustee's Costs. The trustee shall be entitled to reimbursement of fees and costs up to the statutory maximum on each disbursement made by the trustee, regardless of whether it is paid prior to or following confirmation.

### III. FILING OF PROOFS OF CLAIM

A. The trustee shall only distribute payments, including adequate protection payments, to creditors who have actually filed proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. Section 502(a).

B. The trustee shall mail payments and provide notices to the address provided on the filed proof of claim or amended proof of claim or filed name or address change or assignment or transfer of claim filed with the Court.

### IV. SECURED CLAIMS

A. **Mortgages and Other Direct Payments by Debtor.** Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of Collateral | Contractual Monthly Payments | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| Caliber Home Loans | Real Estate located at 8 E Quail Run, Charlestown, RI 02813 | $1239.99 | $178,067.46 | Per Note% |
|  |  |  |  |  |

B. **Prepetition Arrearages.**

(1) For purposes of this Plan, Prepetition Arrearages shall include all sums included in the allowed claim and shall have a "0" balance upon entry of the Discharge Order in this case.

(2) No interest will be paid on Prepetition Arrearages unless otherwise stated.

(3) Payments made by the Trustee on Debtor's Prepetition Arrearages shall be applied **only** to those Prepetition Arrearages and not to any other amount owed by Debtor to the Secured Creditor.

(4) Information Regarding the Arrearages:

| Secured Creditor | Description of Collateral Including Address | Arrearage Amount | *Total to be paid in Plan* |
|---|---|---|---|
| Caliber Home Loans | Real Estate 8E Quail Run, Charlestown, RI 02813 | $130,105.49 | $-0- |

(5) If Debtor pays the amount(s) specified in section (4) (above), while making all required Post-Petition Payments (see below), Debtor's mortgage will be reinstated according to its original terms, extinguishing any right of the Secured Creditor to recover any amount alleged to have arisen prior to the filing of Debtor's petition.

**Check if applicable:**

☐ **Motion to Modify Secured Claims**

The debtor(s) hereby moves the Court to value the collateral of each of the creditors described in Section C below (except those creditors whose claims are classified to be paid directly or to be paid in full by the Chapter 13 Trustee where Section 506(a) does not apply) at the collateral value stated. To the extent that the amount of the debt of any such creditor exceeds the stated collateral value, the debtor(s) hereby moves the Court that said difference be treated in the Chapter 13 plan as a general unsecured claim without priority. The debtor(s) further moves the Court that the lien of each creditor listed upon the collateral listed herein above be satisfied upon payment of the collateral value and the issuance of the debtor(s) discharge.

**Pursuant to R.I. LBR 3015-1(c)(1), if the plan includes a motion to modify secured claim, the plan must be served in accordance with the requirements of LBR 9013-3(b)(1).**

C. **Secured Claims Paid According to Modified Terms.** These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED IN THE PLAN OR AN ADVERSARY ACTION WILL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| Name of Creditor | Description of collateral including address and whether a Primary Residence | Value of Collateral | Modified Principal Balance | Interest Rate | Total Plan Payments | Mortgage Position (1st, 2nd, 3rd) | Is Appraisal attached to Plan? | Plan* or Adversary Action? |
|---|---|---|---|---|---|---|---|---|
| | | $ | $ | n/a | $ | | | |

* PLAN INDICATES THAT THE DEBTOR PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR FURTHER MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED. **IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THE ABOVE MOTION TO MODIFY SECURED CLAIM AND THIS PLAN.** OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN.

**D. Surrender of Collateral**

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| | |
| | |
| | |
| | |

**Check if applicable:**

☐ **Motion to Avoid Judicial Liens**

Judgments were obtained by the creditors listed below in cases before the Rhode Island State Courts, and said judgments have been recorded in the Registry of Deeds in the respective city or town hall as follows:

| Creditor | Judgment Book and Page | Registry | Judgment Date | Date of Recording | Amount |
|---|---|---|---|---|---|

The above-stated judgments created liens on the real property in which the debtor(s) has an interest, which real property is more specifically described as _____. The value of the debtor(s)'s interest in this real property is $_____. The aforesaid liens constitute judicial liens under 11 U.S.C. Section 522(f)(1). The property which this judicial lien encumbers is property which the debtor(s) is entitled to exempt under 11 U.S.C. §522 and the claimed amount of this exemption is $_____. The existence of this judicial lien impairs the exemption to which the debtor(s) is entitled under R.I.G.L. 9-26-4 or as otherwise applied under applicable state law.

The debtor(s) respectfully moves the Court to issue an order avoiding the judicial liens upon the real property described herein, effective upon discharge.

**Pursuant to R.I. LBR 4003-2(b) if the plan includes a motion to avoid lien, it must be served in accordance with the requirements of LBR 9013-3(b)(2).**

E. **Lien Avoidance**. The debtor moves to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
| | |
| | |

### V.   PRIORITY CLAIMS

**PRIORITY CLAIMS.** All claims entitled to priority under 11 U.S.C. Section 507 and

Page 5 of 12

1322 shall be paid in full in deferred cash payments, except for priority claims under Section 507(a)(1)(B), unless the holder of the particular claim agrees to a different treatment of such claim.

    A. **Domestic Support Obligations ("DSOs")** All post-petition DSOs, including post-petition DSOs assigned to a governmental unit, will be paid directly to the holder by the debtor(s) or to the assignee of the claim and not through the Chapter 13 Trustee unless otherwise specified under the "Other Plan Provisions" section of the plan.

        1. ☒ None

        2. ☐ DSO applies.

    B. **DSO Prepetition Arrearages** Owed to DSO Holders Under 11 U.S.C. Section 507(a)(1)(A), or assigned to a governmental unit, to be paid in full through the Chapter 13 plan.

        1. ☐ None

        2.    Name of holder                         Amount of Arrearage

           (i)
           (ii)

    C. **Priority Claims Other Than DSOs.**

All priority claims other than DSOs shall be paid in full on a pro rata basis after the payment in full of all DSO priority claims.

    (1) ☐ None

    (2) The names and amounts of all claims entitled to priority under 11 U.S.C. Section 507, other than DSOs:

        Name                                       Claim Amount
    None

### VI.   UNSECURED CLAIMS

**General Unsecured Claims Not Separately Classified.** General/unsecured claims shall be paid on a pro rata basis with payments to commence after the payment of all administrative, secured and priority unsecured claims in full.

    A. **Claims of Unsecured Non-priority Creditors Specially Classified.** Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured/undersecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| | | | | |

| Navient | The student loan will receive no payments as the Debtor will be paying said loan outside the plan. | $1881.60 | | -0- |
|---|---|---|---|---|

**B. Claims of General Unsecured Creditors.** The debtor estimates that a total of $9,644.42 will be available for distribution to unsecured/undersecured creditors on a pro rata basis, which represents an estimated dividend of 100% of their claims. This percentage is for calculation purposes only. The Plan provides for a specific set amount to be paid into the plan, not a percentage of the debt. The debtor calculates that a minimum of $ 0  must be paid to unsecured creditors in order to comply with the liquidation test for confirmation and the debtor calculates that a minimum of $    0    must be paid to unsecured, non- priority creditors in order to comply with the Means Test.

**Check if applicable:**

☐    **Motion to Assume or Reject Executory Contracts and Unexpired Leases**

A. The debtor(s) moves to assume or reject the following executory contracts and unexpired leases. If assumed, payments due after the filing of the case will be paid directly by the debtor(s) rather than by the trustee.

B. Unless otherwise provided, the debtor(s) proposes to promptly cure any pre-bankruptcy defaults on the assumed leases or contracts over a period of_____months,    with    said payments to be made by the trustee.

| Creditor | Assume or Reject | If Assumed, Amount of Arrearage paid in Plan |
|---|---|---|

1.

2.

### VII.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| | | $ | % | $ | $ | |

## VIII. CALCULATION OF PLAN PAYMENT

A. Secured claims (Section IV Total): $None

B. Priority claims (Section V Total): $00.00

C. Administrative claims (Section II Total): $ 75.00

D. General unsecured claims (Section VI Total): $ 9,644.42

E. Separately classified unsecured claims (Section IV A Total): $None

F. Total of (A) through (E) above: $9,719.42

G. Divide (F) by .90 for total cost including Chapter 13 trustee's fee (this represents the total amount to be paid into the Chapter 13 plan:

**Total Cost of Plan:** $10799.36

H. Divide (G) Cost of Plan by Term of Plan: $179.99

I. Round up to nearest dollar:

**Monthly Plan Payment:** $180.00 (enter this amount on page 2)

## IX. LIQUIDATION ANALYSIS

**A. Real Estate:**

| Address | Fair Market Value | Recorded Liens (Schedule D) | |
|---|---|---|---|
| 8 E Quail Run, Charlestown, RI 02905 | $300,000.00 | $178,067.46 | $121,932.54 |
| 200 Ocean Crest Drive, Unit 225, Palm Coast, Florida 32137 | $102,000.00 | $-0- | $102,000.00 |

Total Net Equity in Real Property: $223,932.54

Less Exemptions (Schedule C): $123,432.54

Amount Available in a Chapter 7: $100,500.00

**B. Automobile** (Describe year, make and model):

Page 8 of 12

|                          | Value $ | Lien $ | Exemption |
|--------------------------|---------|--------|-----------|
|                          |         | Lien   | Exemption |
| Net Value of Equity:     |         |        | Exemption |

Less Exemptions (Schedule C): _____

Available Chapter 7:    $None

C. **All Other Assets** (all remaining items on Schedule B): (Itemize as necessary)

| | |
|---|---|
| **Household goods** | $ 8,000.00 |
| **Computer and printer** | $ 330.00 |
| **3 Televisions** | $ 800.00 |
| **cellphone** | $ 200.00 |
| **figurines** | $ 2,000.00 |
| **Clothes** | $ 1,000.00 |
| **Jewelry** | $ 2,500.00 |
| **Checking at Washington Trust** | $ 2,000.00 |
| **Savings at Washington Trust** | $ 130,000.00 |
| **Savings at Westerly Credit Union** | $ 900.00 |
| **403(b) plan with Transamerica Care New England** | $ 29,777.38 |
| **Retirement MML Investors Services, LLC** | $ 50,105.04 |
| **IRA Met Life Insurance ($60,217.34 cash value)** | $ 64,208.39 |
| **IRA Brighthouse Financial ($71,602.42 cash value)** | $ 72,875.25 |
| **Annuity with Brighthouse Financial ($139,845.33 cash value)** | $150,525.32 |
| **Real Estate license** | $ 1.00 |
| **Medical Lab Technician license** | $ 1.00 |
| **Federal and State 2016 income tax refunds** | $ 11,500.00 |
| **Workers Compensation** | $ 615.00 |
| **Life Insurance with Boston Mutual (no cash value)** | $ 14,000.00 |
| **Work related life insurance policy (no cash value** | $ 50,000.00 |
| **Metlife Life Insurance (no cash value)** | $ 95,000.00 |
| **Blue Cross and Blue Shield of RI Healthmate (Health Insurance)** | $ 00.00 |

Value: $ 686,338.38    Less Exemptions (Schedule C) $538,621.38

Available Chapter 7:    $147,717.00

**SUMMARY (Total amount available under Chapter 7)** -- calculated based upon Net Equity (A and B) plus Other Assets (C) less any claimed exemptions:

**TOTAL AMOUNT AVAILABLE UNDER CHAPTER 7:**   $ 248,217.00

Additional Comments regarding Liquidation Analysis: _____

_____

## X. GENERAL PROVISIONS

1.  Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days (or such other period as the Court orders) after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming the plan, modifying the plan, or granting relief from stay, as applicable. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or released to another lien holder.

2.  If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

3.  Unless otherwise ordered by the Court, all property of the estates as defined in 11 U.S.C. §§ 541 and 1306, including, but not limited to any appreciation in the value of real property owned by the Debtor(s) as of the commencement of the case, shall remain property of the estate during the term of the Plan and shall vest in the Debtor(s) only upon closing of the case. All property of the estate shall remain within the exclusive jurisdiction of the Bankruptcy Court.

4.  Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the prepetition arrearages, if any, only to such arrearages; to deem the prepetition arrearages as contractually cured by confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under the plan or directly by the debtor(s), whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i).

5.  All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

## XI. ADDITIONAL CREDITOR DUTIES

Additional Terms Applicable to Creditors

See Federal Rule of Bankruptcy Procedure 3002.1 – Notice Relating to Claims Secured by Security Interest in the Debtor's Principal Residence.

## XII. ADDITIONAL DEBTOR DUTIES

1. Insurance. Debtor shall maintain insurance as required by law, contract, security agreement or Order of this court.

2. Payment Records to Trustee. Debtor shall keep and maintain records of payments made to Trustee.

3. Payment Records to Secured Creditor(s). Debtor shall keep and maintain records of post-petition payments made to Secured Creditor(s).

4. Domestic Support Obligation(s). Under 11 U.S.C. § 1325(a)(8) and § 1328(a), if the debtor owes domestic support obligations, whether owed at the time of filing or incurred during the pendency of the bankruptcy case, the debtor must file a certification with the Chapter 13 Trustee stating that all such payments due under the plan have been paid before a discharge order may enter. Debtor shall maintain a record of all domestic support obligation payments paid directly to the recipient pursuant to a separation agreement, divorce decree, applicable child support collection unit order or other court's order.

5. Change in Address. Debtor must notify the court and the Trustee if the address or contact information changes during the pendency of the case. Notification must be made in writing within fifteen (15) days Of when the change takes place.

6. Disposal of Property. The Debtor(s) shall not transfer, sell, encumber, or otherwise alienate property of the estate with a value of more than $1,000 other than in accordance with the confirmed Plan or other order of the Bankruptcy Court. The Debtor shall be responsible for preserving and protecting all property of the estate.

## XIII. OTHER PLAN PROVISIONS

**LOSS MITIGATION: (Optional)**

*This section applies only to the Debtor's Real Property Used as a Principal Residence.*

☐ By checking this box, the Debtor expresses an interest in discussing loss mitigation (such as a loan modification, loan refinance, short sale, or surrender in full satisfaction) concerning the Debtor's Real Property Used as a Principal Residence. List the property and/or the Secured Creditor(s) below:

_____

The Debtor hereby permits the Secured Creditor(s) listed above to contact (check all that apply):

☐ The Debtor directly.

☐ Debtor's bankruptcy counsel.
☐ Other:_____

(Debtor is not required to dismiss this bankruptcy Petition during the loss mitigation discussions. Any agreement reached during the loss mitigation discussions may be approved pursuant to an amended plan, and the terms may be set forth in Section XII, below.)

**PLAN SERVICE AND SIGNATURES:**

Pursuant to the R.I. LBR 3015-1(b), the Debtor or his/her counsel is required to serve a copy of the Chapter 13 Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a certificate of service accordingly. In addition, if the Debtor has included a Motion to Modify Secured Claim and/or a Motion to Avoid Lien in this plan, the Debtor must also comply with the service requirements contained in R.I. LBR 9013-3(b).

/s/Christopher M. Lefebvre          5/5/2017
Debtor's Counsel                    Date

Address: PO Box 479
Pawtucket, RI 02862

Telephone: (401)728-6060
(401)728-6534 (fax)

I/We declare under penalty of perjury that the information provided in the Chapter 13 Plan, including any applicable Motion(s) to Modify Secured Claims; Motion(s) to Avoid Certain Liens; Motion to Value Collateral; and Motion(s) for Assumption and Rejection of Executory Contracts and Unexpired Leases, as to all matters set forth herein, are true and correct to the best of our knowledge and belief:

/s/Diane St. Amour                  5/5/2017
Debtor                              Date

**CERTIFICATION OF SERVICE**

I hereby certify that on May 8, 2017, I electronically filed Chapter 13 plan with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:
Office of the U.S. Trustee, and John Boyajian, Esq.; and mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants: see attached list.

/s/Maria J. Ferreira

Page 12 of 12

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0103-1<br>Case 1:17-bk-10560<br>District of Rhode Island<br>Providence<br>Mon May  8 11:14:28 EDT 2017 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Diane St. Amour<br>8E Quail Run<br>Charlestown, RI 02813-2808 | State of RI - Labor and Training<br>Legal Department<br>Bldg 72 3rd Floor<br>1511 Pontiac Avenue<br>Cranston, RI 02920-4407 | Caliber Home Loans<br>PO Box 24610<br>Oklahoma City OK 73124-0610 |
| Capital One<br>P. O. Box 85147<br>Richmond VA 23276-0001 | Charlotte County Tax Collector<br>Offices County Administration<br>18500 Murdock Circle<br>Port Charlotte FL 33948-1075 | Diane St. Amour<br>8 E Quail Run<br>Charlestown RI 02813-2808 |
| (p)DISCOVER FINANCIAL SERVICES LLC<br>PO BOX 3025<br>NEW ALBANY OH 43054-3025 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 | Flager County Tax Collector<br>PO Box 846<br>Bunnell FL 32110-0846 |
| Harmon Law Offices, P.C.<br>PO Box 610389<br>Newton Highlands MA 02461-0389 | Navient Solutions, LLC on behalf of<br>United Student Aid Funds, Inc.<br>Attn: Bankruptcy Litigation Unit E3149<br>PO Box 9430<br>Wilkes Barre, PA 18773-9430 | Sallie Mae<br>PO Box 9500<br>Wilkes Barre PA 18773-9500 |
| ~~[redacted]~~ | ~~[redacted]~~ vre & Sons<br>PO Box 479<br>Two [redacted]<br>Pawtucket, RI 02860-2991 | ~~[redacted]~~ ite 431<br>Providence, RI 02903-1744 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>Insolvency Unit - 4th Floor<br>380 Westminster Street<br>Providence, RI 02903 | Discover<br>Customer Service<br>PO Box 30943<br>Salt Lake City UT 84130 | End of Label Matrix<br>Mailable recipients   17<br>Bypassed recipients    0<br>Total                  17 |